## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN THOMPSON, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| LIBERTY PROPERTY TRUST, WILLIAM HANKOWSKY, THOMAS C. DELOACH, JR., KATHERINE DIETZE, ANTONIO FERNANDEZ, DANIEL P. GARTON, ROBERT G. GIFFORD, DAVID L. LINGERFELT, MARGUERITE NADER, LAWRENCE D. RAIMAN, FREDERIC TOMCZYK, PROLOGIS, INC., PROLOGIS L.P., LAMBDA REIT ACQUISITION LLC, LAMDA OP ACQUISITION LLC, LIBERTY PROPERTY LIMITED PARTNERSHIP, and LEAF HOLDCO PROPERTY TRUST, | ) CLASS ACTION ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.  On October 27, 2019, Liberty Property Trust's ("LPT" or the "Company") Board of Trustees (the "Board" or "Individual Defendants") caused LPT to enter into an agreement and plan of merger (the "Merger Agreement") with Prologis, Inc. ("Parent"), Prologis, L.P. ("Parent OP"), a Delaware limited partnership, Lambda REIT Acquisition LLC ("Prologis Merger Sub"), Lambda OP Acquisition LCL, a Delaware limited liability company ("Prologis OP Merger Sub,"

and together with Parent, Parent OP, and Prologis Merger Sub, the "Parent Parties"), Liberty Property Limited Partnership (the "Partnership"), and Leaf Holdco Property Trust ("New Liberty Holdco," and together with the Partnership, the "Company Parties").

2.    Pursuant to the terms of the Merger Agreement, LPT's stockholders will receive 0.675 shares of Parent common stock for each share of LPT they own (the "Proposed Transaction").

3.    On November 26, 2019, defendants filed a Form S-4 Registration Statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.    The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.    This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.  Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of LPT common stock.

9.  Defendant LPT is a Maryland corporation and a party to the Merger Agreement. LPT's common stock is traded on the New York Stock Exchange under the ticker symbol "LPT."

10.  Defendant William P. Hankowsky is Chief Executive Officer, President, and Chairman of the Board of the Company.

11.  Defendant Thomas C. DeLoach, Jr. is a trustee of the Company.

12.  Defendant Katherine Dietze is a trustee of the Company.

13.  Defendant Antonio Fernandez is a trustee of the Company.

14.  Defendant Daniel P. Garton is a trustee of the Company.

15.  Defendant Robert G. Gifford is a trustee of the Company.

16.  Defendant David L. Lingerfelt is a trustee of the Company.

17.  Defendant Marguerite Nader is a trustee of the Company.

18.  Defendant Lawrence D. Raiman is a trustee of the Company.

19.  Defendant Fredric J. Tomczyk is a trustee of the Company.

20.  The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21.  Defendant Parent is a Maryland corporation and a party to the Merger Agreement.

22.  Defendant Parent OP is a Delaware limited partnership and a party to the Merger Agreement.

23.  Defendant Prologis Merger Sub is a Maryland limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

24.     Defendant Prologis OP Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of Parent OP, and a party to the Merger Agreement.

25.     Defendant Partnership is a Pennsylvania limited partnership and a party to the Merger Agreement.

26.     Defendant New Liberty Holdco is a Maryland real estate investment trust, a wholly-owned subsidiary of LPT, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of LPT (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

28.     This action is properly maintainable as a class action.

29.     The Class is so numerous that joinder of all members is impracticable. As of October 23, 2019, there were approximately 157,522,191 shares of LPT common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

30.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

31.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

32.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

33.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

34.     LPT is a leader in commercial real estate, serving customers in the United States and United Kingdom through the development, acquisition, ownership, and management of superior logistics, warehouse, manufacturing, and R&D facilities in key markets.

35.     The Company's 112 million square foot operating portfolio provides productive work environments to 1,200 tenants.

36.     On October 27, 2019, LPT's Board caused the Company to enter into the Merger Agreement.

37.     Pursuant to the terms of the Merger Agreement, LPT's stockholders will receive 0.675 shares of Parent common stock for each share of LPT common stock they own.

38.     According to the press release announcing the Proposed Transaction:

Prologis, Inc. (NYSE: PLD) and Liberty Property Trust (NYSE: LPT) today announced that the two companies have entered into a definitive merger agreement by which Prologis will acquire Liberty in an all-stock transaction, valued at approximately $12.6 billion, including the assumption of debt. The board of directors of Prologis and the board of trustees of Liberty have each unanimously approved the transaction. . . .

Under the terms of the agreement, Liberty shareholders will receive 0.675x of a Prologis share for each Liberty share they own. The transaction, which is currently expected to close in the first quarter of 2020, is subject to the approval of Liberty shareholders and other customary closing conditions.

BofA Securities and Morgan Stanley are acting as financial advisors and Wachtell, Lipton, Rosen & Katz is serving as legal advisor to Prologis. Goldman Sachs and Citigroup are acting as financial advisors and Morgan, Lewis and Bockius LLP is serving as legal advisor to Liberty.

***The Registration Statement Omits Material Information, Rendering it False and Misleading***

39.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

40.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

41.     First, the Registration Statement omits material information regarding the Company's and Prologis's financial projections.

42.     With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) Total Net Operating Income, (b) Adjusted EBITDA, (c) FFO, (d) AFFO, and (e) Unlevered FCF; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

43.     With respect to Prologis's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) for each set of projections, Adjusted EBITDA, (b) Core FFO, (c) AFFO Excluding Gains, (d) Total Net Operating Income, (e) FFO, (f) AFFO, and (g) Unlevered FCF; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

44.     With respect to the combined company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) Total Net Operating Income, (b)

Adjusted EBITDA, (c) FFO, (d) AFFO, and (e) Unlevered FCF; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

45.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

46.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Goldman Sachs ("Goldman") and Citigroup ("Citi").

47.     With respect to Goldman's Illustrative Discounted Cash Flow Analysis for LPT, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the individual inputs and assumptions underlying the discount rates ranging from 4.5% to 5.5% and the perpetuity growth rates ranging from 0.3% to 1.9%; (iii) the terminal values for the Company; (iv) Goldman's basis for applying exit terminal year EBITDA multiples ranging from 20.0x to 24.0x; (v) the terminal value of non-stabilized assets in the terminal year; (vi) the incremental stabilized net operating income; (vii) the Company's net debt, preferred equity, and non-controlling interests; and (viii) the number of fully diluted outstanding shares of the Company.

48.     With respect to Goldman's Illustrative Discounted Cash Flow Analysis for Prologis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the individual inputs and assumptions underlying the discount rates ranging from 4.5% to 5.5% and the perpetuity growth rates ranging from 1.0% to 2.4%; (iii) the terminal values for Prologis; (iv) Goldman's basis for applying exit terminal year EBITDA multiples ranging from 23.0x to 27.0x; (v) the terminal value of non-stabilized assets in the terminal year;

(vi) the incremental stabilized net operating income; (vii) Prologis's net debt, preferred equity, and non-controlling interests; and (viii) the number of fully diluted outstanding shares of Prologis.

49.     With respect to Goldman's Illustrative Present Value of Future Share Price Analysis for Liberty Standalone, the Registration Statement fails to disclose: (i) Goldman's basis for applying price to next twelve months ("NTM") FFO multiples ranging from 17.0x to 21.0x; and (ii) the individual inputs and assumptions underlying the discount rate of 5.5%.

50.     With respect to Goldman's Illustrative Present Value of Future Share Price Analysis for Prologis Standalone, the Registration Statement fails to disclose: (i) Goldman's basis for applying price to NTM FFO multiples ranging from 22.0x to 26.0x; and (ii) the individual inputs and assumptions underlying the discount rate of 5.5%.

51.     With respect to Goldman's Illustrative Present Value of Future Share Price Analysis for Pro Forma Value to be Received per Liberty Common Share, the Registration Statement fails to disclose: (i) Goldman's basis for applying price to NTM FFO multiples ranging from 21.5x to 25.5x; and (ii) the individual inputs and assumptions underlying the discount rate of 5.5%.

52.     With respect to Goldman's Illustrative Implied Premia of Precedent REIT Transactions, the Registration Statement fails to disclose: (i) the transactions observed by Goldman in the analysis; and (ii) the premiums paid in the transactions.

53.     With respect to Citi's Discounted Cash Flow Analysis of Liberty, the Registration Statement fails to disclose: (i) all line items used to calculate the unlevered, after-tax free cash flows that LPT was expected to generate during the period from October 1, 2019 through December 31, 2024; (ii) the terminal values of LPT; (iii) Citi's basis for applying a selected range of Adjusted EBITDA multiples of 18.8x to 22.8x; (iv) the terminal value of non-stabilized assets

in the terminal year; (v) the incremental stabilized net operating income; and (vi) the individual inputs and assumptions underlying the discount rates ranging from 5.72% to 6.52%.

54.     With respect to Citi's Discounted Cash Flow Analysis of Prologis, the Registration Statement fails to disclose: (i) all line items used to calculate the unlevered, after-tax free cash flows that Prologis was expected to generate during the period from October 1, 2019 through December 31, 2024; (ii) the terminal values of Prologis; (iii) Citi's basis for applying a selected range of Adjusted EBITDA multiples of 22.1x to 26.1x; (iv) the terminal value of non-stabilized assets in the terminal year; (v) the incremental stabilized net operating income; and (vi) the individual inputs and assumptions underlying the discount rates ranging from 6.44% to 7.38%.

55.     With respect to Citi's Combined Company DCF Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate the unlevered, after-tax free cash flows that the combined company was expected to generate during the period from October 1, 2019 through December 31, 2024; (ii) the terminal values of the combined company; (iii) Citi's basis for applying a selected range of Adjusted EBITDA multiples of 22.1x to 26.1x; and (iv) the individual inputs and assumptions underlying the discount rates ranging from 6.44% to 7.38%.

56.     With respect to Citi's analysis of research analysts' price targets for LPT common shares, the Registration Statement fails to disclose: (i) the price targets observed by Citi in the analysis; and (ii) the sources thereof.

57.     With respect to Citi's analysis of the estimated NAV of LPT's and Prologis's assets, the Registration Statement fails to disclose the research analysts' estimates.

58.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

59.     Third, the Registration Statement omits material information regarding potential conflicts of interest of Citi.

60.     The Registration Statement fails to disclose the amount of Citi's fee that is contingent upon the consummation of the Proposed Transaction.

61.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

62.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Mergers; (ii) Recommendation of the Liberty Board of Trustees and its Reasons for the Mergers; (iii) Opinions of Liberty's Financial Advisors; (iv) Certain Prologis Unaudited Prospective Financial Information; and (v) Certain Liberty Unaudited Prospective Financial Information.

63.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and LPT**

64.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

65.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. LPT is liable as the issuer of these statements.

66.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

67.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

68.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

69.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

70.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

71.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants, the Parent Parties, and the Company Parties**

72.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

73.     The Individual Defendants, the Parent Parties, and the Company Parties acted as controlling persons of LPT within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of LPT and participation in and/or

awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

74.     Each of the Individual Defendants, the Parent Parties, and the Company Parties was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

75.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly involved in the making of the Registration Statement.

76.     The Parent Parties and the Company Parties also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

77.     By virtue of the foregoing, the Individual Defendants, the Parent Parties, and the Company Parties violated Section 20(a) of the 1934 Act.

78.     As set forth above, the Individual Defendants, the Parent Parties, and the Company Parties had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged

herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to

Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff

and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in

concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and

setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that

does not contain any untrue statements of material fact and that states all material facts required in

it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as

well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for

plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 5, 2019

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*

  Brian D. Long (#4347)
  Gina M. Serra (#5387)
  300 Delaware Avenue, Suite 1220
  Wilmington, DE 19801
  Telephone: (302) 295-5310
  Facsimile: (302) 654-7530
  Email: bdl@rl-legal.com
  Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

  *Attorneys for Plaintiff*